1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

9
10
11

R. ALEXANDER ACOSTA, SECRETARY OF
LABOR, UNITED STATES DEPARTMENT
OF LABOR,

               Plaintiff,

      v.

NEW MAIN CHINESE BUFFET, INC. *dba*
MAIN CHINESE BUFFET, NEW MAIN CHINESE
BUFFET AT LACEY, LLC *dba* MAIN CHINESE
BUFFET, OCEAN SUSHI, INC. *dba* MIKA
JAPANESE BUFFET, MIZUKI CORP. *dba*
MIZUKI BUFFET, HUI RU DONG, an individual,
and, DE LIN CHANG, an individual,

               Defendants.

)
)
) Case No.
)
)
)
) **COMPLAINT**
)
)
)
)
)
)
)
)
)
)

12
13
14
15
16
17
18
19
20

I

21
22
23
24
25
26
27

Plaintiff brings this action, pursuant to §17 of the Fair Labor Standards Act of 1938, as

amended (29 U.S.C §201, *et seq*.), hereinafter called the Act or the FLSA, to enjoin Defendants from

violating the provisions of §§15(a)(2), and 15(a)(5) of the Act, 29 U.S.C. §§ 215(a)(2), and 215(a)(5).

Plaintiff also and separately brings this action, (1) pursuant to §16(c) of the Act, 29 U.S.C. §216(c),

for the recovery of a Judgment against Defendants for unpaid minimum wage and overtime

28

**COMPLAINT - PAGE 1 OF 12**

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

1  compensation due Defendants' employees listed on the attached Exhibit A and liquidated damages in

2  an amount equal thereto, or, (2) in the event liquidated damages are not awarded, pursuant to §17 of

3  the Act, 29 U.S.C. §217, for the recovery of a Judgment restraining Defendants from withholding

4  payment of minimum wage and overtime compensation due Defendants' employees, plus pre-

5  judgment interest computed thereon.

6

7

8                                              II

9

10     Jurisdiction of this action is conferred upon the Court by §17 of the Act, 29 U.S.C. §217, and

11  by 28 U.S.C. §§1331 and 1345.

12

13                                             III

14     (1)     Defendant New Main Chinese Buffet, Inc. is a Washington corporation which does

15  business as Main Chinese Buffet.  New Main Chinese Buffet, Inc. presently does business at 5580

16  Martin Way, E., Lacey, Washington, within the jurisdiction of this court.

17         (a)     Defendant New Main Chinese Buffet, Inc. is wholly owned by Defendant

18  husband, De Lin Chang, and Defendant wife, Hui Ru Dong.

19         (b)     Defendant New Main Chinese Buffet, Inc., at all times hereinafter mentioned,

20  has acted directly or indirectly as an employer in relation to the employees of Defendant New Main

21  Chinese Buffet, Inc., within the meaning of the FLSA §3(d), 29 U.S.C. 203(d), including to  those

22  listed on Exhibit A.  As an employer, among other things, Defendant New Main Chinese Buffet, Inc.

23  employed  employees to carry out the business of the corporation, and paid employees with checks

24  bearing the corporation's name.

**COMPLAINT  -  PAGE 2 OF 12**

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

(2)      Defendant New Main Chinese Buffet at Lacey, LLC is a Washington corporation which does business as Main Chinese Buffet.  New Main Chinese Buffet at Lacey, LLC presently does business at 5580 Martin Way, E., Lacey, Washington, within the jurisdiction of this court.

(a)      Defendant New Main Chinese Buffet at Lacey, LLC is wholly owned by Defendant husband, De Lin Chang, and Defendant wife, Hui Ru Dong.

(b)      Defendant New Main Chinese Buffet at Lacey, LLC, at all times hereinafter mentioned, has acted directly or indirectly as an employer in relation to the employees of Defendant New Main Chinese Buffet at Lacey, LLC, within the meaning of the FLSA §3(d), 29 U.S.C. 203(d), including to  those listed on Exhibit A.  As an employer, among other things, Defendant New Main Chinese Buffet at Lacey, LLC employed  employees to carry out the business of the corporation, and paid employees with checks bearing the corporation's name.

(3)      Defendant Ocean Sushi, Inc. is a Washington corporation which does business as Mika Japanese Buffet.  Ocean Sushi, Inc. presently does business at 1426 S. 324th Street, Suite B-201, Federal Way, Washington 98003, within the jurisdiction of this court.

(a)      Defendant Ocean Sushi, Inc. is wholly owned by Defendant husband, De Lin Chang, and Defendant wife, Hui Ru Dong.

(b)      Defendant Ocean Sushi, Inc., at all times hereinafter mentioned, has acted directly or indirectly as an employer in relation to the employees of Defendant Ocean Sushi, Inc., within the meaning of the FLSA §3(d), 29 U.S.C. 203(d), including to  those listed on Exhibit A.  As an employer, among other things, Defendant Ocean Sushi, Inc. employed  employees to carry out the business of the corporation, and paid employees with checks bearing the corporation's name.

(4)      Defendant Mizuki Corporation is a Washington corporation which does business as

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

Mizuki Buffet.  Mizuki Corp. presently does business at 17950 Southcenter Parkway, Tukwila, Washington 98188, within the jurisdiction of this court.

(a)     Defendant Mizuki Corp. is wholly owned by Defendant husband, De Lin Chang, and Defendant wife, Hui Ru Dong.

(b)     Defendant Mizuki Corp., at all times hereinafter mentioned, has acted directly or indirectly as an employer in relation to the employees of Defendant Mizuki Corp., within the meaning of the FLSA §3(d), 29 U.S.C. 203(d), including to  those listed on Exhibit A.  As an employer, among other things, Defendant Mizuki Corp. employed  employees to carry out the business of the corporation, and paid employees with checks bearing the corporation's name.

(5)     Defendant Hui Ru Dong  resides in or around Lacey, Washington, with her husband, De Lin Chang, within the jurisdiction of this court.

(a)     At all times hereinafter mentioned, Defendant Hui Ru Dong has had the authority to hire and fire employees of the corporate defendants, set pay rates and pay policies, develop and implement recordkeeping practices, and set and implement employment policies with respect to the employees of the corporate defendants.

(b)     At all times hereinafter mentioned, Defendant Hui Ru Dong has been primarily responsible for the day to day operations at the corporate defendants, including determining employees' rate of pay, and method, such as cash, check or a combination of both, by which employees would be paid and determined which employment records would be created and maintained.

(c)     At all times hereinafter mentioned, Defendant Hui Ru Dong has exercised the authority to hire and fire employees of the corporate defendants, set pay rates and pay policies,

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

develop and implement recordkeeping practices and set and implement employment policies at each of the corporate defendants' businesses, including the decision to falsify payroll records, not to pay some employees an hourly wage rate or overtime pay, regardless of the hours worked, and pay other employees only the tips they received from customers, regardless of the hours worked.

(d)     At all times hereinafter mentioned, Defendant Hui Ru Dong has exercised the authority to hire and fire employees, set pay rates and pay policies, develop and implement recordkeeping practices and set and implement employment policies at the corporate defendants' businesses.

(e)     At all times hereinafter mentioned, Defendant Hui Ru Dong has been an employer of the employees employed by the corporate defendants within the meaning of the FLSA, 29 U.S.C. § 203(d).

(6)     Defendant De Lin Chang resides in or around Lacey, Washington, with his wife, Hui Ru Dong, within the jurisdiction of this court.

(a)     At all times hereinafter mentioned, Defendant De Lin Chang has had the authority to hire and fire employees of the corporate defendants, set pay rates and pay policies, develop and implement recordkeeping practices, and set and implement employment policies with respect to the employees of the corporate defendants.

(b)     At all times hereinafter mentioned, Defendant De Lin Chang has been primarily responsible for the day to day operations at the corporate defendants, including determining employees' rate of pay, and method, such as cash, check or a combination of both, by which employees would be paid and determined which employment records would be created and maintained.

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

(c)     At all times hereinafter mentioned, Defendant De Lin Chang has exercised the authority to hire and fire employees of the corporate defendants, set pay rates and pay policies, develop and implement recordkeeping practices and set and implement employment policies at each of the corporate defendants' businesses, including the decision to falsify payroll records, not to pay some employees an hourly wage rate or overtime pay, regardless of the hours worked, and pay other employees only the tips they received from customers, regardless of the hours worked.

(d)     At all times hereinafter mentioned, Defendant De Lin Chang has exercised the authority to hire and fire employees, set pay rates and pay policies, develop and implement recordkeeping practices and set and implement employment policies at the corporate defendants' businesses.

(e)     At all times hereinafter mentioned, Defendant De Lin Chang has been an employer of the employees employed by the corporate defendants within the meaning of the FLSA, 29 U.S.C. § 203(d).

IV

(1)     At all times hereinafter mentioned, Defendants have employed and are employing, employees in and about their aforesaid places of business in receiving, preparing, storing, handling, and selling goods and materials which have been transported, shipped, or delivered from points outside the State of Washington.

(a)     Employees of New Main Chinese Buffet, Inc. *dba* Main Chinese Buffet receive, store, prepare, handle and sell food products, condiments, and similar food-related goods that are shipped from out of state and/or internationally.

COMPLAINT - PAGE 6 OF 12

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

(b)     Employees of New Main Chinese Buffet at Lacey, LLC *dba* Main Chinese Buffet receive, store, prepare, handle and use items which have been transported, shipped, and delivered from points outside the State of Washington and internationally.

(c)     Employees of Ocean Sushi, Inc. *dba* Mika Japanese Buffet receive, store, prepare, handle and use items which have been transported, shipped, and delivered from points outside the State of Washington and internationally.

(d)     Employees of Mizuki, Corp. *dba* Mizuki Buffet receive, store, prepare, handle and use items which have been transported, shipped, and delivered from points outside the State of Washington and internationally.

V

At all times hereinafter mentioned, the activities of Defendants (referred to in paragraph III, IV and V above) were and are related and performed through unified operation or common control for a common business purpose.

(1)     Defendant Hui Ru Dong controls and manages New Main Chinese Buffet, Inc. *dba* Main Chinese Buffet, New Main Chinese Buffet at Lacey, LLC *dba* Main Chinese Buffet, Ocean Sushi, Inc. *dba* Mika Japanese Buffet, and Mizuki Corp. *dba* Mizuki Buffet on a daily basis, and makes decisions regarding employees which include hiring, firing, hours of work, and deciding the rate of each employee's pay.

(2)     Defendant De Lin Chang controls and manages New Main Chinese Buffet, Inc. *dba* Main Chinese Buffet, New Main Chinese Buffet at Lacey, LLC *dba* Main Chinese Buffet, Ocean Sushi, Inc. *dba* Mika Japanese Buffet, and Mizuki Corp. *dba* Mizuki Buffet on a daily basis, and

**COMPLAINT - PAGE 7 OF 12**

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

1  makes decisions regarding employees which include hiring, firing, hours of work, and deciding the
2  rate of each employee's pay.
3
4          (3)     Defendants Hui Ru Dong and De Lin Chang purchase goods and supplies for all three
5  Defendant restaurants.
6          (4)     Defendants Hui Ru Dong and De Lin Chang exercise unified operation or common
7  control over New Main Chinese Buffet, Inc. *dba* Main Chinese Buffet, New Main Chinese Buffet at
8  Lacey, LLC *dba* Main Chinese Buffet, Ocean Sushi, Inc. *dba* Mika Japanese Buffet, and Mizuki
9  Corp. *dba* Mizuki Buffet by directing, restricting, governing, and administering the activities of all
10 three establishments.
11
12         (5)     New Main Chinese Buffet, Inc. *dba* Main Chinese Buffet is a service establishment
13 providing food in the form of sit down meals for walk-in customers.  New Main Chinese Buffet at
14 Lacey, LLC *dba* Main Chinese Buffet is a service establishment providing food in the form of sit
15 down meals for walk-in customers.  Ocean Sushi, Inc. *dba* Mika Japanese Buffet is a service
16 establishment providing food in the form of sit down meals for walk-in customers.  Mizuki Corp. *dba*
17 Mizuki Buffet is a service establishment providing food in the form of sit down meals for walk-in
18 customers.  The activities performed for the furtherance of New Main Chinese Buffet, Inc. *dba* Main
19 Chinese Buffet, New Main Chinese Buffet at Lacey, LLC *dba* Main Chinese Buffet, Ocean Sushi,
20 Inc. *dba* Mika Japanese Buffet, and Mizuki Corp. *dba* Mizuki Buffet are related activities performed
21 for a common business purpose.
22
23         (6)     At all times hereinafter mentioned, Defendants were engaged in the operation of an
24 enterprise whose annual gross volume of sales made or business done is not less than $500,000
25 (exclusive of sales taxes at the retail level stated separately) for all of the time period covered by this
26
27
28

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

Complaint.  As such, Defendants constitute an enterprise engaged in commerce or the production of goods for commerce within the meaning of §3(s)(A)(ii) of the Act, 29 U.S.C. §203(s)(A)(ii).

VI

For at least the period from March 1, 2013 through and including February 28, 2016 (the "Subject Period"), Defendants have willfully and repeatedly violated the provisions of §§6 and 15(a)(2) of the Act, 29 U.S.C. §§206 and 215(a)(2), by employing their employees employed in an enterprise engaged in commerce or in the production of goods for commerce at wages less than the applicable minimum hourly wage including that employees were paid a lump sum regardless of the number of hours worked. Defendants' employees received a monthly salary, which, when divided by the number of hours worked, is insufficient to satisfy the federal minimum wage rate. VII

For at least the Subject Period, Defendants have willfully and repeatedly violated the provisions of §§7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed, including that Defendants' employees were paid a lump sum regardless of the number of hours worked and without payment of the overtime premium.

VII

Defendants, employers subject to the Act, have willfully and repeatedly violated  the provisions of §§11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5) during the Subject

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

Period, by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve accurate records of all employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516 including:

(a)     Defendants failed to keep and maintain, *inter alia*, records of the times of day worked by employees, the hours worked each day, the hours worked each week, the hours over forty worked in a workweek, and employees' contact information.

VIII

During the Subject Period Defendants willfully and repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees, including employees whose identities are not presently known, is expressly authorized by §17 of the Act, 29 U.S.C. §217.

IX

Pursuant to §16(c) of the Act, 29 U.S.C. §216(c), the attached Exhibit A sets forth the names of each employee presently known to the Plaintiff to whom backwages are owed.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1)     For an Order pursuant to §17 of the Act. 29 U.S.C. §217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their

COMPLAINT - PAGE 10 OF 12

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

1    behalf and interest from prospectively violating the provisions of §§15(a)(2) and 15(a)(5) of the Act,

2    29 U.S.C. §215(a)(2) and 215(a)(5); and

3        (2)    For an Order:

4

5        (a)    pursuant to §16(c) of the Act, 29 U.S.C. §216(c), finding Defendants liable for

6    minimum wage and overtime compensation due Defendants' employees for the relevant time period

7    of March 1, 2013 to February 28, 2016, and liquidated damages in an amount equal to the unpaid

8    wages, to Defendants' employees as listed in the attached Exhibit A.  The attached Exhibit A sets

9    forth the names of each employee presently known to the Plaintiff to whom backwages are owed.

10

11        (b)    In the event liquidated damages are not awarded, pursuant to §17 of the Act, 29

12    U.S.C. §217, enjoining and restraining the Defendants, their officers, agents, servants, employees and

13    those persons in active concert of participation to them, from withholding payment of unpaid

14    minimum wage and overtime found to be due Defendants' employees, and pre-judgment interest at an

15    appropriate interest rate; and

16

17        (3)    For such other and further relief as may be necessary or appropriate.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25

26

27

28

COMPLAINT - PAGE 11 OF 12

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761

1    DATED this 11th day of December, 2017.

2

3                                   Nicholas C. Geale
                                    Acting Solicitor of Labor
4

5                                   Janet M. Herold
                                    Regional Solicitor
6

7                                   Susan Seletsky
                                    Counsel for Wage and Hour
8

9                                   Jeannie Gorman
                                    Senior Trial Attorney
10

11                       By:   _____

12                                   **U.S. DEPARTMENT OF LABOR**
                                    **Attorneys for Plaintiff**
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT - PAGE 12 OF 12**

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA  98104
Telephone: (206) 757-6762
Facsimile: (206) 757-6761